Sanders, J.
This is an action brought by a former employee of the Massachusetts Housing Finance Agency (“MHFA”) alleging unlawful retaliation in violation of G.L.c. 151B. Following a four-day trial, ajury concluded that the MHFA had discharged the plaintiff because he had filed a complaint with the Massachusetts Commission Against Discrimination (“MCAD”). The jury further found that the plaintiffs immediate supervisor, defendant Kathleen Connolly, had unlawfully retaliated against him through her participation in the decision to terminate him. In answer to a special question, however, the jury determined that Connolly’s acts were not committed willfully or with knowledge on her part that she was engaging in conduct in violation of the law. Connolly now asks that the verdict be set aside and that judgment enter in her favor because of a special statute which shields MHFA employees from liability in the absence of proof that they acted in intentional violation of the law. For the following reasons, I conclude that her Motion must he Allowed.
The statute upon which the defendant relies is G.L.c. 23A App. §1-16A (“Section 16A”), which states:
No person shall be liable to the commonwealth, to the MHFA or to any other person as a result of his activities, whether ministerial or discretionary, as a member, officer or employee of the MHFA except for willful dishonesty or intentional violation of the law. . .
This language was contained in a 1982 amendment to the Enabling Act for MassHousing, a public instrumentality established by the Legislature for the purpose of creating more affordable housing for low and moderate income families. St. 1982, c 264, §18. That same amendment stated that the MHFA itself was liable for the acts of its employees “in the same manner and to the same extent as a private person under like circumstances” unless the employee had engaged in acts of “willful dishonesty or intentional violation of the law . . .” Thus, the statute expressly allocates liability for any violation of the law by placing responsibility on the agency, not its employees, except in those rather extraordinary circumstances where the employee engages in acts that he or she knows to be illegal.
Were it not for this amendment, the law is clear that Connolly, as the plaintiffs supervisor, could be held liable for engaging in retaliatory acts as defined by G.L.c. 15 IB. Section 4(4) of that statute prohibits any “person” from discharging or otherwise discriminating against anyone who has filed a complaint with the MCAD; Section 4(4A) forbids any “person” from interfering with another in the “exercise or enjoyment of any right granted or protected by this chapter,” which includes the right to file an MCAD complaint.[1] In finding that defendant Connolly engaged in unlawful retaliation, the jury necessarily found that Connolly, motivated by a retaliatory animus, recommended that plaintiff be terminated because he had filed an MCAD complaint. That is clearly conduct prohibited by G.L.c. 151B, §4(4) and (4A).[2]
Acknowledging that there is a direct conflict between Section 16A and Chapter 15IB, the plaintiff nevertheless urges that I follow Chapter 15IB: without an express statement by the legislature that it intended to carve out an exception to 15 IB in particular, plaintiff argues that I should not presume that such was the legislature’s intent. But the best evidence of legislative intent is the language of the statute itself; where that language is clear and unambiguous, as Section 16A is, that is conclusive as to what the legislature meant. Ciardi v. F. Hoffman-La Roche, Ltd., 436 Mass. 53, 60-61 (2002); see also In re Liquidation of American Mutual Insurance Co., 434 Mass. 272, 281 (2001). Moreover, the amendment to the MassHousing Enabling Act occurred decades after the enactment of Chapter 15IB; courts presume that the legislature is aware of its prior enactments (particularly those which have been on the books as long as the anti-discrimination statutes) when it passes new laws. See Prudential Insurance Co. of America v. Boston, 369 Mass. 542, 546 (1976). Certainly, if the legislature had desired a different result, then it knew how to accomplish it. In 1993, for example, the legislature amended the Massachusetts Tort Claims Act, G.L.c. 258, by adding a provision to Section 10 of that chapter stating: “Nothing in this section shall be construed as to modify or *674 repeal the applicability of any existing statute that limits, controls or affects the liability of public employers or entities.” There is no similar sayings clause in Section 16A. Finally, setting aside the judgment against Connolly individually will have no practical impact on the plaintiff, who will still be able to enforce his judgment against the MHFA, his former employer. Indeed, that is exactly the result which the statute contemplated: in absolving employees of individual liability, the legislature placed the liability squarely on the MHFA in the event that its employees (without the specific intent to do so) violate any laws.
For all the foregoing reasons, defendant Kathleen Connolly’s Motion for Judgment Notwithstanding the Verdict is ALLOWED and it is hereby ORDERED that, in light of the jury’s determination that she did not act in intentional violation of the law, judgment shall enter for Connolly as to plaintiffs claim against her individually.

In addition, Section 5 of the statute prohibits any “person, whether an employer or an employee or not,” from aiding, abetting, inciting or compelling the doing of any act forbidden by" Chapter 15 IB.

As an alternative grounds for her motion, Connolly contends that the evidence was insufficient as a matter of law to support the jury’s decision. I disagree. Thus, were it not for Section 16A, judgment against Connolly should enter.